IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PATRICIA BRIDGES TATUM, | : | |
| Individually, and as Next of Kin, and as | : | |
| Administrator of the Estate of | : | |
| EDDIE C. BRIDGES, deceased, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:09-CV-56 (WLS) |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF AMERICUS, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Presently pending before the Court is Motion to Substitute the Plaintiff of the Estate of Eddie Bridges (Doc. 41), Motion for Extension of Time (Doc. 49), and Motion to Add Timothy E. Bridges as Party Plaintiff (Doc. 51). For the following reasons, Motion to Substitute (Doc. 41) is **GRANTED**, Motion for Extension of Time (Doc. 49) is **GRANTED**, and Motion to Add Timothy E. Bridges As Party Plaintiff (Doc. 51) is **DENIED AS MOOT**.

## BACKGROUND

The above-captioned § 1983 action was brought by Patricia Bridges Tatum as Administrator of the estate of Eddie Bridges. (Doc. 1 at 1.) Eddie Bridges allegedly suffered due to actions of Defendant which form the basis of this suit. (*Id.*) Patricia Bridges Tatum died on September 4, 2012. (Doc. 40.) A Suggestion of Death on the Record of Plaintiff Patricia Bridges Tatum was filed by George McGriff, attorney for Plaintiff Tatum, on November 26, 2012. (*See id.*) On July 17, 2013, Timothy Bridges, while purportedly represented by Mr. McGriff, filed Motion to Substitute the Plaintiff of

1

the Estate of Eddie Bridges. (Doc. 41.) Timothy Bridges submitted evidence that he was appointed Administrator *de bonis non* of Eddie Bridges' estate on January 14, 2013. (*See id.* at 3.)

On August 13, 2013, the Court ordered Timothy Bridges to file a Motion for Extension demonstrating excusable neglect by August 25, 2013. (Doc. 46.) In that Motion, Mr. Bridges urges the Court to grant his Motion for Extension of Time for the Court to consider his Motion to Substitute (Doc. 41). (Doc. 49 at 1.) Plaintiff also filed Motion to Add Timothy E. Bridges As Party Plaintiff. (Doc. 51.)

## ANALYSIS

### A. Motion for Extension of Time

Federal Rule of Civil Procedure 25(a) provides that

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The purpose of Rule 25(a) is to apprise parties with an interest in the outcome of the litigation of the proceedings so that those parties may protect their interests. *See Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); *Schmidt v. Merrill Lynch Trust Co.*, No. 5:07-CV-382-OC-10GRJ, 2008 WL 2694891 (M.D. Fla. June 30, 2008). Rule 25(a) is not intended to serve as a procedural bar to meritorious actions. *Schmidt*, 2008 WL 2694891, at *2 (citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)). "As a threshold matter, [whether the 90 day deadline begins to run] depends upon the existence of a valid suggestion of death on the record." *Id.* A valid suggestion of death on the record exists where (1) a formal suggestion of death was placed on the record by

one with the authority to do so, and (2) "the statement of death [was] properly served pursuant to Rule 25(a)(3)." *Id.* Here, the Suggestion of Death was placed on the record by George McGriff as "attorney for Plaintiff" on November 28, 2012. (Doc. 40 at 1.) However, Mr. McGriff could not have been representing Patricia Bridges Tatum as of November 28, 2012 because she died by that date. *See Schmidt*, 2008 WL 2694891 at *3. Also, Mr. McGriff could not have properly filed the Suggestion of Death as attorney for Timothy Bridges because Mr. Bridges was not appointed Administrator until January 14, 2013. *See* FED. R. CIV. PRO. 25(a); *Schmidt*, 2008 WL 2694891 at *2. Furthermore, there is no evidence that Eddie Bridges' estate appointed Mr. McGriff.

A sister district court has noted that the "[f]iling [of] a suggestion of death on the record has a very narrow role-it commences the 90 day period within which a motion for substitution must be filed." *Schmidt*, 2008 WL 2694891 at *2. Thus, the requirement "serves the adversarial function of expediting the substitution of deceased parties." *Id.* Therefore, where the plaintiff or his or her representative dies, it would make more sense for the *defendant* to make such a filing because doing so would force the plaintiff to move for substitution. *See id.* Here, Plaintiff, albeit improperly, filed the Suggestion of Death. There is no indication that the estate of Eddie Bridges lacked knowledge of the proceedings in this matter. In fact, Patricia Bridges Tatum was the Administrator of the estate and brought this suit. Therefore, enforcing the 90 day period under these circumstances would not serve to apprise interested parties of the proceedings, as the estate necessarily had knowledge of the proceedings at the time of Plaintiff Tatum's death.

Since the Suggestion of Death was not filed by a party with the authority to make such a filing, the 90 day period did not begin to run. Because a motion for substitution

of counsel need not be preceded by a valid Suggestion of Death, *see* FED. R. CIV. PRO. 25(a), the Court will consider Timothy E. Bridges' Motion to Substitute. (Doc. 41.) As such, the Motion for Extension of Time (Doc. 49) is **GRANTED.**

### B. Motion to Substitute

Actions brought pursuant to § 1983 may properly be brought by the Administrator of the estate of the deceased person who allegedly suffered from the actions underlying the § 1983 action. *See* 42 U.S.C. § 1988(a); GA. CODE ANN. § 9-2-41; *see also Carrington v. Rodgers*, 331 F.3d 844 (11th Cir. 2003). Because the Administrator of Eddie Bridges' estate is the proper party to bring this suit, and Timothy Bridges is the current Administrator of said estate (Doc. 41 at 3), Timothy E. Bridges is the proper party to bring this suit. Accordingly, Motion to Substitute (Doc. 41) is **GRANTED**. The caption is hereby **AMENDED** to substitute Timothy Eugene Bridges for Patricia Bridges Tatum.

### CONCLUSION

Based on the foregoing, the Motion for Extension of Time (Doc. 49) and Motion to Substitute (Doc. 41) are **GRANTED.** Because the result sought by Motion to Add Timothy E. Bridges As Party Plaintiff (Doc. 51) has been accomplished by the granting of Motion to Substitute (Doc. 41), Motion to Add Timothy E. Bridges As Party Plaintiff (Doc. 51) is **DENIED AS MOOT.**

**SO ORDERED**, this  1st  day of November, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**